UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CYNTHIA GOUCKENOUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 2:20-cv-544 |
| | ) |
| IAC GREENCASTLE, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Cynthia Gouckenour ("Gouckenour"), brings this action against Defendant, IAC Greencastle, LLC ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Indiana common law.

**PARTIES**

2. Gouckenour has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation doing business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 29 U.S.C. § 2617(a)(2); 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. § 12117. This Court has supplemental jurisdiction over Gouckenour's state-law claim pursuant to 28 U.S.C. 1367(a).

5. Gouckenour was an "employee" within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 2611(3), and 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A), 42 U.S.C. § 2000e(b), and 29 U.S.C. § 2611(4).

7. Between January 1, 2018, and December 31, 2018, Gouckenour was an "eligible employee" as that term is defined by the FMLA.

8. Between January 1, 2019, and August 6, 2019, Gouckenour was an "eligible employee" as that term is defined by the FMLA.

9. Gouckenour had a "serious health condition," as that term is defined by the FMLA, in 2018, and 2019.

10. Since January 1, 2018, Defendant has employed 50 or more employees within a 75-mile radius of the location at which Gouckenour worked.

11. Gouckenour worked 1,250 or more hours in the 12-month period preceding January 1, 2017.

12. Gouckenour worked 1,250 or more hours in the 12-month period preceding January 1, 2019.

13. Gouckenour satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Gouckenour. She now timely files her lawsuit.

14. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

15. Gouckenour is female, is a qualified individual with disability, has a record of a disability, and/or has been regarded as disabled by Defendant.

16. Defendant hired Gouckenour for the hourly position of Machine Operator in or about December 2012.

17. Gouckenour's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

18. Gouckenour applied for and was granted intermittent FMLA leave. Gouckenour's request for and taking of FMLA leave constituted statutorily protected activity.

19. Throughout 2018 and 2019 Gouckenour missed time under her intermittent FMLA leave for doctors appointments and day wherein she was unable to attend work. Throughout this period, Defendant interfered with Gouckenour's use of FMLA by not properly tracking her available leave time and assigning her attendance points for days that should have been covered by her FMLA leave.

20. Other male employees and/or employees that were not disabled and/or employees who had not engaged in statutorily protected activity were treated more favorably under Defendant's attendance policy. By way of non-exclusive example, numerous employees, including Gouckenour's husband, were allowed to have points "re-credited" after they provided a doctor's note to the employer, whereas Gouckenour was not permitted to do this.

21. In June, 2019, Gouckenour missed time due to her medical conditions and was under the care of a doctor. On information and belief, Gouckenour's missed time should have been covered by her FMLA leave but Defendant insisted she had exhausted her leave, despite never informing her of this before. Gouckenour requested that she be "re-credited" points for those days after she provided a note from her doctor, but this request was denied.

22. On June 28, 2019 Defendant terminated Gouckenour, allegedly for violation of

the attendance policy.

23. Defendant's stated reason for terminating Gouckenour was pretext.

24. Defendant terminated Gouckenour because of her sex, because of her FMLA use, because of her disability and because she engaged in statutorily protected activity.

25. Defendant has accorded more favorable employment terms and conditions to similarly-situated employees outside Gouckenour's protected classes.

26. All reasons proffered by Defendant for adverse actions it took regarding Gouckenour's employment are pretextual.

27. Gouckenour has suffered injury and harm as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

28. Gouckenour hereby incorporates paragraphs 1-27 of her Complaint.

29. Defendant took adverse employment actions against Gouckenour because of her disability, her record of a disability, and/or its perception of her being disabled.

30. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Gouckenour's rights as protected by the ADA.

## COUNT II

## RETALIATION – ADA

31. Gouckenour hereby incorporates paragraphs 1-30 of her Complaint.

32. Gouckenour asked for a reasonable accommodation, thereby engaging in

statutorily-protected conduct.

33. Defendant took adverse employment actions against Gouckenour because of her statutorily-protected conduct.

34. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Gouckenour's rights as protected by the ADA.

## COUNT III

## SEX DISCRIMINATION –TITLE VII

35. Gouckenour hereby incorporates paragraphs 1-34 of her Complaint.

36. Defendant accorded more favorable treatment to similarly-situated male employees, including, but not limited to, employment terms and conditions and adverse employment actions.

37. Defendant took adverse employment actions against Gouckenour because of her sex.

38. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Gouckenour's rights as protected by Title VII.

## COUNT IV

## VIOLATIONS OF THE FMLA

39. Gouckenour hereby incorporates paragraphs 1-38 of her Complaint.

40. Gouckenour asked for FMLA leave.

41. Gouckenour took FMLA-qualifying leaves and Defendant interfered with her leave.

42. Defendant took adverse employment actions against Gouckenour because of her

FMLA requests and/or FMLA qualifying leaves.

43. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Gouckenour's FMLA rights.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Cynthia Gouckenour, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Gouckenour to the same position, salary, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Gouckenour;

3. Defendant pay compensatory and punitive damages to Gouckenour;

4. Defendant pay liquidated damages to Gouckenour;

5. Defendant pay pre- and post-judgment interest to Gouckenour;

6. Defendant pay Gouckenour's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Gouckenour any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Keenan D. Wilson, Attorney No. 32195-49
Attorneys for Plaintiff
Cynthia Gouckenour

## DEMAND FOR JURY TRIAL

Plaintiff, Cynthia Gouckenour, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Keenan D. Wilson, Attorney No.  32195-49

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
kwilson@jhaskinlaw.com

−7−